The opinion of the Court was delivered by
O’Neall, C. J.
Notwithstanding the ingenious argument of the prisoner’s attorney, we are constrained to overrule his motion in arrest of judgment. The case (Walker's) from 4 Rep. 42, seems to have been the foundation of the exception now raised. Of that case, it is enough to say, that the record confined the murder to the day of the blow, to wit, the 4th of *405 August, when the death, as set out was on the 19th. The exception was, therefore, well founded, that “then and there” applied to the wounding instead of the death, which made the indictment ill. But in this case there is no such application of the words “ then and there;” they apply to the murder before set out, in manner and form as before charged.
The case of the State vs. Fley and Rochelle, 2 Brev. 346, is full to this point. In that case, Grimke, J., delivering the judgment, said, “As to the exception ‘then and there,’the authorities cited in support of it clearty show, that in this case, they ought, to have no weight. If the indictment had gone further and said, ‘then and there,’ to wit, on the 13th of April, there might be some room to doubt upon the authority of 4 Co. 42. But it has been held, that an allegation of the day, prima facie somewhat uncertain, may be helped by the apparent sense of the whole; as, when it is alleged, as in the present case, that the principal on such a day made the assault, and gave the stroke, and that the party died on such a subsequent day; and that the aider was tunc and ibidem abettans the said principal, because the words tunc and ibidem abettans, from the manifest import of the whole, shall be referred to the time of the stroke by which the felony was done.” (a)
If that be so in the case of an aider and abettor, much more must the rule hold in the case of the principal, where the words, “ then and there ” may be somewhat uncertain as to their application to the “ stroke or death.” The manifest import apply them to the consummation of the murder in the death of the party slain. But if there be any doubt as to the proper reference of the words uthen and there," in the conclusion of the indictment, they are perfectly immaterial, and may be struck out as surplusage. The indictment as it stands, reads, “And so the jurors aforesaid upon their oaths aforesaid, do say, that the said James Huggins and Samuel Taylor, *406 the said Enoch Stevens, in manner and form aforesaid, then and there, feloniously, wilfully, and of their malice aforethought, did kill and murder, against the peace and dignity of the same State aforesaid.” Leave out the words “ then and ■there,” and the charge is just as perfect as it is with them.(a)
They are in no wise material; and as is said in the State vs. Fley and Rochelle, 2 Brev. 346, “may be rejected as surplusage.”
The motion in arrest of judgment is dismissed.
Johnston and Wardlaw, JJ., concurred.

Motion dismissed.

 2 Hawk. ch. 23, sect. 89.

 4 Rep. 42.